c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DENISE VEAL,<br>Plaintiff | CIVIL ACTION NO. 1:19-CV-00089 |
| VERSUS | JUDGE DRELL |
| RAPIDES REGIONAL MEDICAL CENTER, *ET AL.*,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court are two Rule 12(b)(6) Motions to Dismiss (Docs. 3, 13) filed by Defendant Rapides Healthcare System, L.L.C., doing business as Rapides Regional Medical Center ("RRMC"). RRMC seeks dismissal of Plaintiff Denise Veal's ("Veal's") claims as untimely. (Docs. 3, 13). Veal opposes. (Docs. 11, 16).

Because Veal's Title VII claims are time-barred, and because any state law employment discrimination or tort claims, to the extent asserted, are also time-barred, RRMC's Motions to Dismiss (Docs. 3, 13) should be GRANTED and Veal's claims should be DISMISSED WITH PREJUDICE.

I. Background

On November 9, 2018, Veal filed an action against RRMC in the Ninth Judicial District Court, Rapides Parish, Louisiana. (Doc. 1-2, pp. 2-8). Veal, an African American female, was employed as a Telemetry Technician with RRMC from 2011 until April 27, 2017, when she was terminated from her position. (Doc. 1-2, p. 3; Doc. 10, pp. 2-5). Veal claims she was unlawfully terminated for allegedly failing to

perform her duties as a Telemetry Technician.[1] (Doc. 1-2, p. 6; Doc. 10, p. 5).

On October 17, 2017, Veal submitted an Intake Questionnaire to the Equal Employment Opportunity Commission ("EEOC"), asserting racial discrimination.[2] (Doc. 10, p. 6). On November 3, 2017, the EEOC issued a Notice of Charge of Discrimination to RRMC. Id. On August 6, 2018, the EEOC issued a "Notice of Right to Sue" to Veal. (Doc. 10, p. 7). Veal asserts she received the notice on August 9, 2018. Id.

Veal seeks damages for back pay, mental anguish, humiliation, embarrassment, loss of reputation, loss of enjoyment of life, "foreseeable damages," compensatory damages, punitive damages, prejudgment interest, attorney's fees, and costs. (Doc. 10, pp. 7-8).

RRMC removed based upon federal question jurisdiction. (Doc. 1, p. 2). Although not explicitly referenced in Veal's Petition, RRMC contends Veal asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), a federal statute.[3]

---

[1] Veal contends she was suspended and terminated due to a patient passing away during her shift, although a Caucasian co-worker with more direct responsibility for the patient was not reprimanded. (Doc. 11, p. 2).

[2] Veal's original Petition asserted March 21, 2018 as the date the Intake Questionnaire was submitted to the EEOC. (Doc. 1-2, p. 7). In her First Amended Petition (Doc. 10, p. 6), Veal amended her date of submission to October 17, 2017. Id.

[3] RRMC asserts Veal's race discrimination allegations refer to submitting a "Charge of Discrimination Intake Questionnaire to the EEOC" and that after receiving a "Notice of Right to Sue" letter, she "satisfied all administrative prerequisites to the filing of this action . . . ." (Doc. 1, p. 2). RRMC further asserts Veal seeks punitive damages, a remedy only available under federal law. Id. Veal claims RRMC took actions "with malice and reckless indifference," an allegation RRMC states is only pertinent to a Title VII claim. Id. Veal concedes she "properly alleged an entitlement to relief for race-based discrimination under Title VII . . . ." (Doc. 11, p. 1; Doc. 11-3, p. 1).

2

RRMC filed two Rule 12(b)(6) Motions to Dismiss (Docs. 3, 13). RRMC's first Motion to Dismiss (Doc. 3) seeks dismissal of Veal's claims under Title VII and La. R.S. 23:303, *et seq.*, as time-barred. (Doc. 3-1, p. 2). On February 14, 2019, Veal filed her First Amended Petition for Damages ("First Amended Petition"), amending only paragraph 30 pertaining to the date of filing her Intake Questionnaire with the EEOC. (Doc. 10, p. 6). RRMC filed a second Motion to Dismiss (Doc. 13), adopting and incorporating its initial Motion to Dismiss (Doc. 3) and seeking dismissal of Veal's state law anti-discrimination claim, with prejudice. (Doc. 13, p. 2). RRMC seeks costs and attorney's fees in both Motions to Dismiss. (Doc. 3-1, p. 6; Doc. 13, p. 2).

Veal asserts the filing of her First Amended Petition (Doc. 10) renders RRMC's attack on her Title VII claims moot. (Doc. 11, p. 1).

## II.  Law and Analysis

### A.  Standards governing the Motions to Dismiss.

A court may grant a motion to dismiss for "failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter accepted as true," to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Plausibility does not equate to possibility or probability; it

lies somewhere in between. Id. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. See Twombly, 550 U.S. at 556. The court must view all well-pleaded facts in the light most favorable to the plaintiff. Yumilicious Francise, L.L.C. v. Barrie, 819 F.3d 170, 174 (5th Cir. 2016).

Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. Iqbal, 556 U.S. at 678. A pleading comprised of labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement, will not stand. Id. Similarly, where the well-pleaded facts do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged – but not "shown" – that the pleader is entitled to relief. Id. at 679.

In determining whether a complaint states a plausible claim for relief, a court draws on its judicial experience and common sense. Id. In considering a motion to dismiss, a court can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. Id.

Generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff "at least one chance to amend." Hernandez v. Ikon Ofc. Solutions, Inc., 306 Fed.Appx. 180, 182 (5th Cir. 2009); accord Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th

Cir. 2002). However, that general rule does not apply if an amendment would be futile. Townsend v. BAC Home Loans Serv'g, L.P., 461 Fed.Appx. 367, 372 (5th Cir. 2011); Jaso v. The Coca Cola Co., 435 Fed.Appx. 346, 351–52 (5th Cir. 2011). Futility in this context means "that the amended complaint would fail to state a claim upon which relief could be granted . . . [Thus,] to determine futility, we will apply the same standard of legal sufficiency as applies under Rule 12(b)(6)." Stripling v. Jordan Prod. Co., 234 F.3d 863, 873 (5th Cir. 2000) (quotations and citations omitted); accord Fenghui Fan v. Brewer, 377 Fed.Appx. 366, 367 (5th Cir. 2010). With respect to a statute of limitations defense, dismissal for failure to state a claim is proper when "it is evident from the pleadings that the action is barred and the pleadings fail to raise some basis for tolling." Jones v. Alcoa, Inc., 339 F.3d 359, 366 (5th Cir. 2003); accord Jaso, 435 Fed.Appx. at 351-52.

### B. Veal's claims under Title VII are time-barred.

Filing an administrative charge of discrimination with the EEOC is a prerequisite to a private civil action brought pursuant to the provisions of Title VII and the ADA. Dao v. Auchan Hypermarket, 96 F.3d 787, 789 (5th Cir. 1996). Under Title VII, an employee is required to file a timely charge of discrimination with the EEOC ("EEOC charge") within 180 days of the alleged act of discrimination. See 42 U.S.C. § 2000e-5(e).

Because Louisiana is a "deferral" state, Veal had 300 days from an alleged act of discrimination to file a charge with the EEOC. See 42 U.S.C. § 2000e-5(e)(1); Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002); Windhauser v. Bd. of

Supervisors for La. State Univ. & Agr. & Mech. College, 360 Fed. App'x. 562, 566 (5th Cir. 2010) (citing Huckabay v. Moore, 142 F.3d 233, 238 (5th Cir. 1998)). An employee can only file a lawsuit against an employer after the EEOC or Louisiana Commission on Human Rights ("LCHR") dismisses the employee's complaint and provides the employee with a "Right to Sue" notice. Taylor v. Books A Million, Inc., 296 F.3d 376, 379 (5th Cir. 2002) (internal citations omitted).

Upon receiving that notice from the EEOC or LCHR, the employee has 90 days to assert discrimination claims in a civil lawsuit. 42 U.S.C. § 2000e-5(f)(1); see Taylor, 296 F.3d at 379; see also January v. Texas Dept. of Crim. Justice, 760 Fed.Appx. 296, 299 (5th Cir. 2019) (citations omitted) ("The ninety-day period is treated as a statute of limitations."). Generally, the 90-day period commences when the notice of right to sue is received by the claimant. January, 760 Fed.Appx. at 299 (citing Taylor, 296 F.3d at 379; Espinoza v. Mo. Pac. R.R. Co., 754 F.2d 1247, 1249 (5th Cir. 1985)). In the absence of a concrete allegation to the contrary, we presume that a claimant receives an EEOC right to sue letter three to seven days after it is issued. See Jenkins v. City of San Antonio, 2015 WL 1802133, *3 (5th Cir. 2015); see also January, 760 Fed.Appx. at 300 ("The Fifth Circuit has 'expressed satisfaction with a range between three and seven days' after the date that the right-to-sue letter was issued by the EEOC.").

Here, Veal asserts she received Notice of Right to Sue on August 9, 2018. (Doc. 11, p. 2). Veal had 90 days – until November 7, 2018 – to file suit for her discrimination claims. In her Opposition (Doc. 11) to RRMC's first Motion to Dismiss

(Doc. 3), Veal argues she fax-filed her Petition to the Ninth Judicial District Court, Rapides Parish, Louisiana, on November 6, 2018. (Doc. 11, p. 2). Nothing in the record reflects that Veal fax-filed her Petition, or that her Petition was otherwise filed on November 6, 2018. Rather, the record reflects Veal's original Petition was filed on November 9, 2018. (Doc. 1-2, p. 8). Additionally, in her Opposition (Doc. 16) to RRMC's second Motion to Dismiss (Doc. 13), Veal states she filed her original Petition on November 9, 2018. (Doc. 16, p. 1). Because Veal failed to timely file suit within 90 days of receiving her Notice of Right to Sue letter, Veal's Title VII claims are time-barred as a matter of law.

### C. Veal's state law claims are time-barred.

RRMC also seeks dismissal of Veal's racial discrimination claim under state law as time-barred. (Doc. 3-1, p. 5-6; Doc. 12, p. 1; Doc. 13-1, pp. 1-2). In response to RRMC's first Motion to Dismiss (Doc. 3), Veal did not address RRMC's request to dismiss her state law discrimination claim. (Doc. 11). In response to RRMC's second Motion to Dismiss (Doc. 13), Veal states she is not pursuing a claim for racial discrimination under Louisiana's anti-discrimination law. (Doc. 16, p. 2). And she concedes that any claim she may have brought under that law has prescribed. (Doc. 16, p. 3).

Rather, Veal contends she seeks relief "under other claims that may be asserted under Louisiana law." Id. Veal asserts she seeks back pay and damages for mental anguish, humiliation, embarrassment, loss of reputation, loss of enjoyment of life, "foreseeable damages," compensatory damages, and attorney's fees and costs. Id.

Veal argues RRMC should be on notice that she "may – after further information is obtained through discovery – be asserting claims for negligent and/or intentional infliction of emotional distress, detrimental reliance and others, in addition to her Title VII claim." (Doc. 16, pp. 3-4).

Employment discrimination claims made under Louisiana law are subject to a prescriptive period of one year. La. Rev. Stat. § 23:303(D); Johnson v. Hosp. Corp. of Am., 767 F.Supp.2d 678, 707 (W.D. La. 2011). However, this one-year period shall be suspended, no longer than six months, during the pendency of any administrative review or investigation of the claim conducted by the EEOC or the LCHR. Id. Delictual actions are subject to liberative prescription of one year, which runs from the day of injury or damage sustained. La. Civ. Code Art. 3492.

In this case, Veal was terminated due to alleged racial discrimination on April 27, 2017. (Doc. 10, pp. 2-5). Veal had a maximum of 18 months to timely assert any state law employment discrimination claims. La. Rev. Stat. § 23:303(D); Johnson v, 767 F.Supp.2d at 707. Thus, Veal's state law employment discrimination claim had to be filed by October 27, 2018. Veal's action was filed on November 9, 2018. (Doc. 1-2, pp. 2-8). Additionally, Veal concedes that any state law employment discrimination claim she may have asserted is prescribed. (Doc. 16, p. 3). To the extent Veal asserts any tort claims against RRMC, those claims are also untimely.

### III. Conclusion

Because Veal's Title VII racial discrimination claims are time-barred, and because any state law employment discrimination or tort claims, to the extent asserted, are also time-barred;

IT IS RECOMMENDED that RRMC's Motions to Dismiss (Docs. 3, 13) be GRANTED. Veal's claims against RRMC, and thus, this action in its entirety, should be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 22nd day of August 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE